[No. C003138. Third Dist. Dec. 3, 1987.]

MARCUS JUAREZ, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Richard L. Reese, Jr., for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, James T. McNally and Ruth M. Saavedra, Deputy Attorneys General, for Real Party in Interest.

OPINION

PUGLIA, P. J.—Petitioner seeks a writ of mandate directing respondent superior court to order the commencement of conservatorship proceedings pursuant to Penal Code section 1370, subdivision (c)(2). (All statutory references to sections of an unspecified code are to the Penal Code.) That section is one of several setting forth procedures relating to the present sanity of a defendant charged with a crime. (§§ 1367-1375.5.) If under those procedures a criminal defendant is found incompetent to stand trial, and it is further found that his competency is not likely to be regained in ". . . the foreseeable future . . ." (Pen. Code, § 1370, subd. (b)(1)), he shall be returned to court for further proceedings, one purpose of which is to determine whether he is "gravely disabled as defined in paragraph (2) of subdivision (h) of section 5008 of the Welfare and Institutions Code . . . ." (§ 1370, subd. (c)(2).) If the court's finding on that question is affirmative, it must order the initiation of conservatorship proceedings under the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.)

The only issue tendered in this proceeding is one of statutory interpretation, i.e., whether the described proceedings mandated by section 1370, subdivision (c)(2), expressly applicable to criminal defendants who have been found incompetent to stand trial, are also applicable to a defendant who has been tried for a felony, found not guilty by reason of insanity and whose commitment to a state hospital the People are seeking to extend under the authority of section 1026.5 beyond the maximum term of confinement which could have been imposed for the underlying felony. For the reasons which follow, we hold that present sanity proceedings apply only in the context of a criminal trial and not in a postjudgment proceeding under section 1026.5 to extend involuntary confinement for treatment. Accordingly, we shall deny the petition.

Petitioner was tried in 1978 for a violation of section 245, subdivision (a), assault with a deadly weapon. He was found not guilty by reason of insanity and, as required by section 1026, committed to a state hospital for treatment. Section 1026.5, subdivision (a), limits the length of such a commitment to ". . . the longest term of imprisonment which could have been imposed for the offense . . . ." However, subdivision (b) of that section permits an extension of confinement for two years if, at the end of the maximum term, it is found that the person still ". . . represents a substantial danger of physical harm to others."

Between 1981 and 1986 the district attorney requested and obtained three extensions of petitioner's commitment under section 1026.5, subdivision (b). In September 1986, another petition was filed seeking a fourth two-year extension. A jury trial on the petition commenced, but was interrupted when petitioner's counsel expressed doubts as to petitioner's competency. Counsel sought a determination of present sanity pursuant to section 1368. Over the People's objection, the trial court acceded to petitioner's request, suspended proceedings on the petition for extended commitment and ordered a hearing to determine petitioner's competency. Thereafter the matter was submitted on the reports of court-appointed psychiatric experts and the court found that petitioner was incompetent to stand trial within the meaning of section 1368. He was then committed to Atascadero State Hospital.

On May 22, 1987, the medical director of Atascadero submitted the report required by section 1370, subdivision (b)(1). The director advised the court that there was "little likelihood" of petitioner's regaining competency within the foreseeable future and recommended institution of a Lanterman-Petris-Short conservatorship.

A hearing was held in superior court on July 29, 1987, to consider the director's report. Petitioner's counsel apparently urged the court to proceed

as recommended in the report in accordance with section 1370, subdivision (c)(2) and to determine whether petitioner is "gravely disabled" and, if he is found to be, order that a conservatorship proceeding be commenced. The People objected on the grounds that proceedings to determine present sanity should never have been initiated and that the trial on the extended commitment petition should be completed.

The trial court declined to follow the course urged by either party. Stating that the law was ambiguous, the trial court ordered petitioner returned to Atascadero under the section 1368 commitment and suggested his counsel seek a writ from this court instructing the parties as to what should be done next. The instant petition followed.

We think it apparent from the language found in section 1367 et seq. that the position of the People is correct. The statutory scheme was designed to assure that a criminal defendant is competent at the time he is tried for an offense. It has no application to the trial on a petition to extend the commitment of a defendant who has been found not guilty by reason of insanity.

A proceeding under section 1026.5, subdivision (b) "is essentially civil in nature, because it is directed to the treatment of a patient's illness, not punishment." (*People* v. *Beard* (1985) 173 Cal.App.3d 1113, 1118-1119 [219 Cal.Rptr. 225].) In contrast, the provisions relating to determination of present sanity are expressly limited in their application to criminal proceedings which occur prior to judgment and sentence. Section 1367 begins with the admonition that "A person cannot be tried or adjuged to punishment while such person is mentally incompetent. . . ." The next section, which specifies the circumstances under which a trial must be suspended to determine competency, becomes operative only if doubts arise in that regard "[d]uring the pendency of an action and prior to judgment . . . ." (§ 1368, subd. (a).) Subdivision (c) of section 1368 refers to suspension of "all proceedings in the criminal prosecution . . ." pending a resolution of the question of competency. The terminology used in section 1370 also supports the People's thesis. Subdivision (a)(1) states that "[i]f the defendant is found . . . competent . . . the trial on the offense charged shall proceed, and judgment may be pronounced. . . ." Subdivision (c)(2), relied upon by petitioner, indicates that conservatorship proceedings shall be commenced if the defendant appears to be ". . . gravely disabled as defined in paragraph (2) of subdivision (h) of Section 5008 of the Welfare and Institutions Code . . . ."

Section 5008 of the Welfare and Institutions Code, part of the Lanterman-Petris-Short Act, requires that three elements conjoin in order for a person to be found gravely disabled, to wit, "(i) The indictment or informa-

tion pending against the defendant at the time of commitment charges a felony involving death, great bodily harm, or a serious threat to the physical well-being of another person. [¶] (ii) The indictment or information has not been dismissed. [¶] (iii) As a result of mental disorder, the person is unable to understand the nature and purpose of the proceedings taken against him and to assist counsel in the conduct of his defense in a rational manner." Even a superficial reading of these provisions demonstrates the fallacy of petitioner's position. Judgment has already been rendered in petitioner's criminal case and there is no "indictment or information pending."

The proceedings established to determine present sanity ". . . are statutory creations and . . . have only an indirect and limited constitutional basis. In short, these are special proceedings, civil in nature, and have as their primary purpose the avoidance of penal treatment for persons adjudged to be incompetent to stand trial." (*People* v. *Rojas* (1981) 118 Cal.App.3d 278, 283 [173 Cal.Rptr. 64, 174 Cal.Rptr. 91].) Petitioner is not threatened with penal treatment. He has had his criminal trial and been adjudicated not guilty by reason of insanity. The only remaining issue is how long he must remain committed to a state hospital for treatment.

We conclude that the statutory provisions relating to determination of present sanity do not apply to civil proceedings to extend the commitment of a defendant previously found not guilty by reason of insanity and committed to a state hospital pursuant to section 1026. The trial court erred when it suspended the proceedings for extension under section 1026.5.

The petition for writ of mandate is denied. The superior court is directed to take further action consistent with the views expressed herein.

Sparks, J., and Sims, J., concurred.