Filed 3/24/26  P. v. Bautista CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G065323 |
| v. | (Super. Ct. No. 17NF1915) |
| JUAN CARLOS BAUTISTA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael J. Cassidy, Judge. Affirmed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant Juan Carlos Bautista appeals an order denying his petition for resentencing under Penal Code section 1172.6.[1] His appointed attorney filed a brief under the procedures described in *People v. Delgadillo* (2022) 14 Cal.5th 216, declaring she was unable to find any issues to raise on Bautista's behalf. Having reviewed the record ourselves, we also detect no arguable issues. We therefore affirm the trial court's order.

PROCEDURAL BACKGROUND

In 2018, Bautista was individually charged with and convicted of multiple crimes. As relevant here, the jury convicted him of three counts of attempted premeditated murder and found he personally discharged a firearm during those crimes. (§§ 664/187, subd. (a); 12022.53, subds. (b), (c).) The trial court sentenced him to prison for 36 and one half years, plus an indeterminate term of 70 years to life. Following an appeal in which we affirmed Bautista's convictions, his indeterminate term was reduced to 40 years to life.

In 2024, Bautista petitioned for resentencing on his attempted murder convictions. (§ 1172.6.) At the hearing on his petition, Bautista refused to appear by video, and pursuant to section 1368, his attorney declared a doubt as to whether Bautista was competent. The trial court found section 1368 inapplicable and denied the petition for failure to make a prima facie showing for relief.

On appeal, appointed counsel filed a brief raising no issues but requesting we independently review the record pursuant to *People v. Delgadillo, supra,* 14 Cal.5th 216. We informed Bautista of his right to file a

---

[1] All statutory references are to the Penal Code.

2

supplemental brief, but he did not do so. In the interest of justice, we have examined the entire record for any arguable issues. (See *id.* at p. 230.)

DISCUSSION

As a preliminary matter, the trial court properly found section 1368 did not apply at the hearing on Bautista's postconviction petition for resentencing. Section 1368 allows the trial court to suspend the proceedings if a doubt arises as to whether the defendant is competent to stand trial on criminal charges. (*Juarez v. Superior Court* (1987) 196 Cal.App.3d 928, 931–932.) With certain exceptions not applicable here, the statute does not apply to criminal proceedings that occur after the judgment is rendered. (§ 1368, subd. (a) [exceptions are limited to "revocation proceedings for a violation of probation, mandatory supervision, postrelease community supervision, or parole"].)

The trial court's ruling on Bautista's resentencing petition is also unassailable. Under section 1172.6, a defendant convicted of attempted murder may seek resentencing if he was convicted under the natural and probable consequences theory. (§ 1172.6, subd. (a).) But Bautista's jury was not instructed on that theory, or any other theory of imputed liability. Instead, the jury found he committed attempted premeditated murder by *personally* discharging a firearm during that offense. Because Bautista was convicted based on his own *own* actions and his *own* mental state, he is ineligible for resentencing as a matter of law, and the trial court properly denied his petition at the prima facie stage of the proceedings. (*People v. Delgadillo, supra,* 14 Cal.5th at p. 233; *People v. Morales* (2024) 102 Cal.App.5th 1120, 1131–1334.)

3

DISPOSITION

The trial court's order denying Bautista's postconviction petition for resentencing is affirmed.


GOODING, J.

WE CONCUR:


MOTOIKE, ACTING P. J.


MOORE, J.